UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: NORTHWEST TERRITORIAL MINT LLC

Case No. C20-79RSM

Bankruptcy Case No. 16-11767-CMA

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS

This matter comes before the Court on appeal by Mark T. Calvert, the chapter 11 trustee for Northwest Territorial Mint, LLC ("NWTM"). Mr. Calvert appeals from two Orders of the Bankruptcy Court for the Western District of Washington ("Bankruptcy Court"), Case No. 16-11767-CMA: the Order on Fee Applications of Trustee, Cascade Capital Group, LLC, K&L Gates, and Miller Nash Graham & Dunn, E.R. 007-91,[1] and the Order on Motion to Alter or Amend Findings of Fact and Conclusions of Law in Order on Fee Applications, E.R. 092-103. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and the Election to Appeal to District Court of Appellee Paula Pehl, E.R. 481-82. Mr. Calvert argues that the Bankruptcy Court exceeded its authority and applied erroneous legal standards in disallowing a portion of his trustee fees. He also argues that he was denied due process. The Court has reviewed the briefing, including that filed by Appellee Paula Pehl, considered by the Court an amicus brief,[2] as well as the cited record. The Court finds no abuse of discretion, error, or denial of due process and accordingly AFFIRMS the Orders of the Bankruptcy Court.

---

[1] "E.R." refers to the Excerpts of Record on Appeal filed by Appellant, Dkt. #25-1.
[2] *See* Dkt. #44.

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 1

## I. BACKGROUND

This appeal addresses a narrow set of issues in a very complex case. The background of the operations of Northwest Territorial Mint LLC, as well as most of the extensive procedural history, are not relevant to the issues raised by Appellant, except as noted below. The Court will focus on the October 11, 2019, Order on Fee Applications and the December 18, 2019, Order on Motion to Alter or Amend.

In the first Order, the Bankruptcy Court found that Mr. Calvert as trustee "did not merely make a series of bad judgment calls," but that he "violated the Bankruptcy Code, Bankruptcy Rules, and orders of the Court, and he made multiple misrepresentations, large and small, to the Court and other parties." E.R. 086. The Bankruptcy Court summarizes Appellant's misconduct thusly:

> a) After the Court denied the Trustee's request to be eligible to receive expense reimbursements under the interim payment procedures, the Trustee still reimbursed himself without Court approval.
>
> b) On nine monthly operating reports the Trustee checked the "no" box in response to the question of whether any professionals had received payments even though he had paid himself or Cascade.
>
> c) The Trustee used estate funds to pay two sets of lawyers without obtaining authority to either employ the lawyers or compensate them.
>
> d) After he secured an order approving bid procedures, the Trustee disregarded the order, resulting in an invalid sale process, additional and unnecessary legal and transactional costs for several parties, and erosion of confidence in the system.
>
> e) Directly to the Court and through his counsel, the Trustee made multiple inconsistent and inaccurate statements about the financial condition of the estate and the prospects of a reorganization.
>
> f) Directly to the Court and through his counsel, the Trustee repeatedly declared the necessity of the Dayton Lease, but when it

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 2

suited his purposes he argued and testified under oath that the Dayton Lease was not necessary because he had identified a suitable and less expensive space to rent.

g) Even though he assured the Court he would not seek compensation as an accountant for performing his trustee duties, Cascade's application includes approximately 340 hours of Mr. Calvert's time for performing trustee or clerical tasks.

h) Even though he was aware of the Court's concerns about the conflicts inherent with a trustee hiring his own firm, the Trustee not only failed to monitor and review Cascade's invoices but caused Cascade to seek compensation for clerical tasks and trustee work, like getting the mail, reviewing proofs of claim, making photocopies, taking photos, and compiling notebooks.

i) Through his counsel, the Trustee falsely represented to the Court that he objected to the amount of the break-up fee sought by an initial bidder, when in fact he instructed the bidder to submit the requested amount to the Court.

j) Directly and through his counsel, the Trustee told the Court and creditors that the estate owned hundreds of thousands of dies when that was not the case. He even told a customer that he had over 400,000 dies and was going to improperly charge a fee to research the customer's inquiry about a die.

E.R. 086–87. The Bankruptcy Court meticulously denied certain unsupported fees and expenses and then went on to state that it "could deny all compensation to Trustee Counsel based on this conduct," but instead "reduce[d] the otherwise allowable amount (which is $2,180,855.80) in half." E.R. 090.

Appellant soon filed what was essentially a motion for reconsideration. *See* E.R. 092 ("Trustee Counsel… conceded at the hearing that the Motion was a motion for reconsideration."). Appellant asserted that the Bankruptcy Court erred by (1) disallowing fees for insufficiently identified timekeepers, (2) disallowing extraordinary and inadequately documented expenses, (3) disallowing fees related to the assumption of the Dayton Lease, and (4) further reducing Trustee Counsel's compensation because of three allegedly false narratives

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 3

advanced by Trustee through Trustee Counsel.  After reviewing this Motion, the Bankruptcy court allowed $246,718 in additional fees for the insufficiently identified timekeepers "because the Court recognizes that denying compensation may have an economic impact on these individuals at their firm through no fault of their own."  E.R. 094.  The Court made various small changes to the amount allowed for expenses.  The Court continued to disallow fees related to the assumption of the Dayton Lease and continued to reduce compensation based on false narratives, finding that "the Court's previous findings preclude reconsideration of the underlying facts."  E.R. 099.  The Court declined to reconsider the 50 percent reduction of the amounts awarded, and in fact reduced the additional $246,718 and other amounts by 50 percent consistent with its prior Order.  E.R. 103.

## II.  DISCUSSION

The District Court has original subject matter jurisdiction over Debtor's chapter 11 case and over all civil proceedings arising in or related to the chapter 11 case.  28 U.S.C. § 1334.  The district court, acting in its appellate capacity, generally reviews the bankruptcy court's legal conclusions *de novo* and its factual determinations for clear error.  *In re Olshan*, 356 P.3d 1078, 1083 (9th Cir. 2004).  However, a bankruptcy court's award of attorney fees to a trustee is reviewed for abuse of discretion or erroneous application of the law.  *Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 308 (9th Cir. 1996); *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record.  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

Mr. Calvert argues that the Court should review *de novo* the Bankruptcy Court's "disallowance of otherwise allowable fees as a sanction for misconduct," Dkt. #25 at 29 (citing *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1187 (9th Cir. 2003)). In *Knupfer*:

> …the bankruptcy court awarded the Trustee a total of $201,439 as a result of [an automatic stay] violation. First, the bankruptcy court awarded $151,439, measured by the amount of the Trustee's documented attorneys' fees and costs. This amount was awarded "in the alternative" as either "sanctions," "attorneys' fees," or "punitive damages." The bankruptcy court also awarded an additional $50,000 in "punitive damages."

322 F.3d at 1185. Not only does *Knupfer* not clearly state that *de novo* rather than abuse of discretion is the appropriate standard of review for disallowance of otherwise allowable fees, it is factually distinct from the instant matter. In that case the bankruptcy court was sanctioning for a violation of the bankruptcy automatic stay, whereas here the bankruptcy court was determining what portion of the trustee fees were justified under 11 U.S.C. 330(a). The Court finds that the proper standard of review here is abuse of discretion.

The Bankruptcy Code authorizes a court to award to a trustee or a professional person employed under section 327 or 1103 reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person, and reimbursement for actual, necessary expenses. 11 U.S.C § 330(a)(1). The court may award compensation that is less than the amount of compensation that is requested. 11 U.S.C. § 330(a)(2) ("The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.").

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 5

In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court was to consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field, and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3). Except for certain circumstances that do not apply in a chapter 11 case, the bankruptcy court shall not allow compensation for (1) unnecessary duplication of services, or (2) services that were not (a) reasonably likely to benefit the debtor's estate or (b) necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A).

A determination of a reasonable fee allowance under section 330 is achieved by answering the following five questions:

> First, were the services authorized? Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered? Third, are the services adequately documented? Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? Finally, [did] the professional exercise[] reasonable billing judgment[?]

*In re Strand*, 375 F.3d 854, 860 (9th Cir. 2004), citing *In re MEDNET, MPC* Corp., 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000) (citation omitted).

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 6

A court has an independent duty to evaluate professionals' fees. *In re Columbia Plastics, Inc.*, 251 B.R. 580, 584 (Bankr. W.D. Wash. 2000). Parties seeking compensation have the burden of establishing entitlement to the fees requested. *Id.*

The Court finds that the underlying Bankruptcy Court did not abuse its discretion in rejecting Appellant's request for trustee fees. There was more than enough evidence of misconduct to justify its actions. This evidence was adequately documented by the Bankruptcy Court and Appellant has failed to demonstrate clear error in any of the Court's factual findings.

Appellant repeatedly attempts to frame the Bankruptcy Court's actions as a "sanction." *See, e.g.,* Dkt. # 25 at 30. At no point do the Orders at issue explicitly sanction Appellant. Instead, the Orders walk through the applicable legal standards, recited above, discussing how it "may award compensation that is less than the amount of compensation that is requested," how the Court "shall not allow compensation" for certain unnecessary services, how the Court is to ask whether the services were authorized and reasonable. E.R. 036–38. Although the Bankruptcy Court does cite a case for the proposition that "[v]iolations of professional ethics or breaches of fiduciary duties permit a reduction, denial or forfeiture of compensation or other sanctions," E.R. 085, a wholistic review of the Orders at issue leads to the conclusion that the Bankruptcy Court was not sanctioning Appellant but rather performing its duty to determine reasonable trustee fees and expenses. None of the sanctions cases cited by Appellant on appeal are directly on point or binding.

Appellant argues that he was denied due process because the Bankruptcy Court sanctioned him without providing notice and an opportunity to respond. Dkt. #25 at 34. Again, this is an incorrect framing of what happened. The Bankruptcy Court awarded fees in the normal course of the case after receiving briefing from the trustee and various other parties.

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 7

The Bankruptcy Court had a duty to calculate these fees and the authority to award less than the requested fees under statute—this was not a sanction under the Court's inherent powers. In any event, Appellant was well aware of the Court's numerous misconduct concerns and was given many opportunities to respond to concerns at hearings and to submit additional evidence. *See, e.g.,* E.R. 022–23 ("On October 6, 2017, the Court conducted a hearing on the initial fee applications. While the Court acceded to their requests to defer ruling on the allowance or disallowance of compensation and reimbursement, it informed them that it had many issues with the applications."); E.R. 036 ("At the initial hearing on the Applications, the Court raised several issues and asked the professionals to submit additional declarations and information. The Court also required the Trustee, Cascade, and Trustee Counsel to re-submit their time records in a usable format and to address certain issues, and they did. The Court conducted two more hearings and requested additional information and declarations."). Appellant filed what was essentially a motion for reconsideration that led to a modification of the award but which did not raise due process concerns. Given all of the above, the Court finds that Appellant has failed to demonstrate his due process rights were violated.

The Court finds no other abuse of discretion or error warranting relief on this appeal.

### III.   CONCLUSION

For the reasons stated herein, the Bankruptcy Court's Order is AFFIRMED. This case is CLOSED.

DATED this 15th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING BANKRUPTCY COURT ORDERS RE: FEE APPLICATIONS - 8